KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7956
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
        tricia@darbylawpractice.com

Attorneys for Royal Essex LLC,

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

GEORGE F. HOLMAN, SR.,

                    Debtor.

CASE NO.:   BK-N-13-52092-gs
Chapter 7

**OPPOSITION TO MOTION FOR ORDER SETTING ASIDE ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING LIQUIDATION OF PERSONAL PROPERTY**

Hearing Date:   April 18, 2025
Hearing Time:  9:30 a.m.

ROYAL ESSEX LLC ("Royal"), by and through their counsel of record, Kevin A. Darby, Esq. of Darby Law Practice, Ltd., hereby opposes Chapter 7 Trustee Jeri Coppa-Knudson's (the "Trustee") *Motion for Order Setting Aside Order Granting Trustee's Motion For Order Approving Liquidation of Personal Property,* filed herein on March 12, 2025 as Docket No. 265 (the "Motion"), based on the following points and authorities.

**POINTS AND AUTHORITIES**

I.      **Relevant background.**

1.      On June 28, 2023, the Trustee commenced an adversary proceeding against Royal as adversary proceeding number 23-05010 (the "Adversary Proceeding").

///

2. On March 5, 2024, the Trustee filed a First Amended Adversary Complaint as Docket No. 19 in the Adversary Proceeding (the "Amended Complaint") alleging, among other things, the following:

    a. On December 22, 2019, Debtor George Holman's ("Debtor") irrevocable trusts entered into a Membership Interest Purchase Agreement ("MIPA") for the sale of certain Class A membership units in Essex Real Estate Partners, LLC ("Essex"). *Amended Complaint,* ¶¶ 14-15.

    b. The MIPA required Royal to pay the Debtor's bankruptcy estate $350,000 for two third (2/3) of one percent interest in Essex (the "Essex Interest"). *Id.* at ¶ 16.

    c. On November 17, 2020, the Trustee filed a Motion for Order Approving Liquidation of Personal Property Interest as Docket No. 106, seeking approval of Essex's payment of $350,000 to the Estate (the "Motion to Approve Liquidation"). *Id.* at ¶ 18.

    d. On January 20, 2021, the Court entered an Order approving the Trustee's Motion to Approve Liquidation as Docket No. 116 (the "Subject Order"). *Id.* at ¶ 19.

    e. Royal has failed to pay the Trustee $350,000. *Id.* at ¶ 23.

3. The Amended Complaint asserts three claims for relief:

    a. <u>First Claim</u>: Turnover under 11 U.S.C. § 542(b);

    b. <u>Second Claim</u>: Disallowance of Claim under 11 U.S.C. § 502(d);

    c. <u>Third Claim</u>: Contempt under 11 U.S.C. § 105.

*Amended Complaint,* pages 4-6.

4. The Third Amended Complaint requested, among other things, the following relief:

    a. A judgment against Royal in the amount of $350,000; and/or

    b. ***The return of the Essex membership interest Royal purchased from the Trustee***.

*Amended Complaint,* pages 7-8 (Prayer for Relief).

5. On April 1, 2024, Royal filed an Answer to the Amended Complaint as Docket No. 23 in the Adversary Proceeding (the "Royal Answer").

6. On March 12, 2025, the Trustee filed the instant Motion, which alleges the same core allegations as the Amended Complaint. The Motion also seeks the same relief as the Adversary Proceeding

2

in the form of an order setting aside the Subject Order, the return of the Essex Interest to the Truste and an order confirming "the Holman estate will have the 0.67% common A interest" in Essex.

**II.       The subject matter of the Motion is already pending before this Court in the Adversary Proceeding and, therefore, cannot be resolved through the Motion in the Bankruptcy Case.**

The Motion seeks to short circuit the Adversary Proceeding by seeking identical relief under the guise of a Rule 60(b) Motion. By filing the Adversary Proceeding, the Trustee chose to seek the return of the Essex Interest in the context of the Adversary Proceeding. *See Amended Complaint,* pages 7-8 (Prayer for Relief).  The Trustee cannot now attempt to obtain the same relief in this bankruptcy case through a motion, while the Adversary Proceeding is still pending and unresolved.

"Courts have long condemned duplicative and wasteful litigation." *In re Popp*, 323 B.R. 260, 269 (9th Cir. BAP 2005); *citing  Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952).  Courts should not entertain the same substantive issue involving the same parties in two separate proceedings pending before it.  *In re Popp,* at 269. Even where two separate actions pending involving the same issue before two *different* courts, the Ninth Circuit has adopted a rule of comity in which the second court presented with the issue defers to the first court. *Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir. 2000); *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982); *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 749 (9th Cir. 1980).

Fed. R. Bankr. P. 7001(a) provides that a proceeding to recovery property is an adversary proceeding.  The Adversary Complaint seeks to recover the Essex Interest using Rule 7001 using the adversary proceeding process. Instead of pursuing her claims to completion in the Adversary Proceeding, the Trustee has changed tracks and filed the Motion in the bankruptcy case.  In doing so, the Trustee seeks the same relief as she has already sought in the pending Adversary Proceeding.  This makes the Motion duplicative and a wasteful.  The Adversary Proceeding was filed first and Royal has filed an Answer and asserted certain affirmative defenses.  The issues and prayer for relief contained in the Motion are superseded by the previously filed Adversary Proceeding, which is the proper forum to resolve the Trustee's claims.  The Trustee should not be permitted to bypass the adversary process she initiated by the filing the Amended Complaint.  The

Motion should be denied and the Trustee should be required to pursue recovery of the Essex Interest within the confines of the Adversary Proceeding.

**III.**     <u>**The Trustee has failed to establish her right to relief under Rule 60(b)(5).**</u>

Federal Rule of Civil Procedure 60(b)(5) provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [when] the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

"Rule 60(b)(5) applies only to those judgments that have prospective application." *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008). "The standard used in determining whether a judgment has prospective application is whether it is executory or involves the supervision of changing conduct or conditions." *Maraziti v. Thorpe,* 52 F.3d 252, 254 (9th Cir.1995) (internal quotation marks and citations omitted). The mere fact that an order has some future consequences does not mean it has prospective application. As explained in *Maraziti*:

> Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect; even a money judgment has continuing consequences, most obviously until it is satisfied, and thereafter as well inasmuch as everyone is constrained by his or her net worth. That a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5).

*Id.; Quoting Twelve John Does v. Dist. Of Columbia,* 841 F.2d 1133, 1138 (D.C. Cir. 1988). Reviewing the Supreme Court's decisions in *Pennsylvania v. Wheeling & Belmont Bridge Co.,* 59 U.S. 18, 15 L.Ed. 435 (1855) and *United States v. Swift & Co.,* 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932), the D.C. Circuit has concluded that "the standard we apply in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions.' " *Twelve John Does,* 841 F.2d at 1139.

///

In this case, the Subject Order is no longer executory and, therefore, cannot be rescinded under Rule 60(b)(5). An executory contract is one "on which performance remains due to some extent on both sides." *National Labor Relations Board v. Bildilsco and Bildilsco*, 465 U.S. 513, 522-23 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482 (quotation marks and citation omitted). More precisely, a contract is executory if "the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." *In re Wegner*, 839 F.2d 533, 536 (9th Cir. 1988). Here, there is only performance remaining on one side: the payment of the purchase price by Royal. There is no remaining performance by the Trustee and the Trustee does not have the ability to materially breach the terms of the Subject Order. The Trustee's required performance under the Subject Order was the transfer of the Essex Interest to Royal, which she completed. She has nothing left to do. As the Subject Order is not executory, relief is unavailable to the Trustee under Rule 60(b)(5) and the Motion must be denied.

**IV.    Conclusion.**

For the reasons detailed above, and others that may be raised in oral argument, the Motion must be denied.

DATED this 4th day of April, 2025.

DARBY LAW PRACTICE, LTD.

*/s/ Kevin A. Darby*

By: _____
KEVIN A. DARBY, ESQ.
Attorneys for Royal Essex, LLC